## NATE SELLMAN v. THE STATE.

### No. 3960. Decided May 19, 1909.

**1.—Carrying Pistol—Conflict of Evidence.**

Upon trial of unlawfully carrying a pistol where there was a conflict of evidence the conviction will not be disturbed.

**2.—Same—Motion for New Trial—Want of Diligence.**

Where upon conviction of unlawfully carrying a pistol the motion for new trial complained that defendant had no reason to believe that on the trial the State's witnesses would deny the fact that it was a Winchester gun instead of a pistol that he was carrying, but showed no diligence on part of defendant why he did not prove these facts, the motion was properly overruled.

**3.—Same—Sufficiency of the Evidence.**

Where the State's case showed that defendant was carrying a pistol, complaint in his motion for new trial that he had a Winchester gun also, could not change the result; besides no diligence was shown why he did not introduce his testimony.

Appeal from the County Court of McCulloch. Tried below before the Hon. C. A. Wright.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, and *J. E. Brown,* County Attorney, for the State.

BROOKS, JUDGE.—Appellant was convicted of unlawfully carrying a pistol and his punishment assessed at a fine of $100.

The first ground of the motion complains of the insufficiency of the evidence. The witnesses swear that they were about two hundred and seventy-five yards away and they saw appellant have a pistol,

and appellant swears it was a Winchester. The jury have seen fit to believe the State's case, and we do not feel disposed to disturb the finding of the jury.

The second ground of the motion complains that the court should have granted a new trial because the defendant had no reason to believe that on the trial the State's witnesses would deny the fact that it was a Winchester gun that he had on said occasion, and, therefore, did not deem it necessary to insist upon Alex Arledge appearing as a witness to testify that he had loaned defendant a Winchester gun on the morning in question, and that he was on his way home with said gun at the time said State's witness saw him shoot same. Attached to the motion is the affidavit of said Arledge swearing that on said day he loaned appellant a Winchester. These facts show no diligence whatever and a defendant can not speculate upon the probable result of a trial and then ask the court for a new trial on said speculation.

The third ground of the motion for a new trial complains the court erred in refusing to grant a new trial for the want of the testimony of witnesses by whom appellant expected to prove that he had been to Sunday-School the morning in question and that the witnesses saw him leave said school and that he had a Winchester gun and did not see any pistol on or about appellant. This testimony does not come within any of the rules that permit a new trial on the ground of newly discovered evidence. It is shown that appellant knew of these facts before the trial and wilfully refused or failed to have said testimony. Furthermore, we do not believe any of the testimony sought would have contradicted the State's witness since it would merely serve to show appellant had a Winchester in addition to a pistol. It does not exclude the testimony or render impropable the testimony of the State's case.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*